UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:17-00092 |
| ) | |
| v. ) | |
| ) | JUDGE TRAUGER |
| TAD E. CUMMINS ) | MAGISTRATE JUDGE HOLMES |

## RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO RE-OPEN DETENTION HEARING

The United States submits this response in opposition to Defendant Tad E. Cummins's ("Defendant") Motion to Re-Open Detention Hearing on the grounds that Defendant's proposed reopening of his detention hearing for alleged constitutional violations bears neither a relation to this Court's Order of Detention nor any statutory authority. (R. #14.) Following a lengthy preliminary and detention hearing on May 12, 2017, this Court concluded "by clear and convincing evidence that Cummins poses a danger to the community" and that "no condition or combination of conditions will reasonably assure the safety of the community if Cummins is released." (R. #14, PageID #13.) Defendant fails to address either of the Court's original, statutorily-based findings, and instead asserts that he should be released prior to his trial because he is being detained "under conditions that violate his constitutional and statutory rights to privately access counsel." Given that Defendant's allegations of constitutional violations are entirely unrelated to the legal basis for his detention, Defendant's Motion is merely a disingenuous effort to argue for his release without any legal or factual support.

Indeed, the only circumstance in which a judicial officer *may* reopen a detention hearing is if she finds that there exists "information that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that

will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B). In short, "the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *United States v. Watson,* 475 Fed. Appx. 598, 600 (6th Cir. 2012) (denying the defendant's motion to reopen his detention hearing and holding that the defendant's pretrial detention was not unconstitutionally excessive). The Defendant has offered no information that would negate this Court's previous findings that he should be detained given this Court's determination that he is both a flight risk and a danger to the community.

The Defendant's previous attempts to persuade the Court that he should not be detained all failed during the probable cause and detention hearing on May 12, 2017. At that hearing, the Court heard and relied upon proof that Mr. Cummins deliberately and surreptitiously planned to take his student, a fifteen-year-old child, across multiple state lines with the intent to engage in criminal sexual activity. During the thirty-eight day duration of this crime, Mr. Cummins intentionally destroyed cellular phones, disabled his vehicle's navigation system, used stolen license plate tags, altered his appearance, manufactured and used a false identity, and even attempted to kayak to Mexico, all while evading authorities and with no indication that he planned to return home or turn himself into authorities. (R. #14, PageID #4-8.) The Court considered this proof and Defendant's arguments within the framework of 18 U.S.C. § 3142(e) and (i), and correctly determined that the Defendant should be detained.

The Defendant's claim that the United States is preventing him from meeting with his attorney in private is simply not true. The United States has reviewed correspondence between the Federal Public Defender's Office and the United States Marshal Service in relation to Defendant's

2

case and the United States Marshal Service has located two transportation requests from the Defendant to meet with counsel in Nashville and he was brought on both occasions. The United States Marshal Service confirms that when the Defendant was transported to Nashville to meet with his attorney, he was provided a private consultation room. If the Defendant experienced any unsatisfactory meeting accommodations on either visit, none were brought to the attention of the United States Marshal Service.

Defendant's alleged constitutional violations and laundry list of previously unreported complaints are merely a misguided—and procedurally improper—attempt to seek immediate release from this Court. If the Defendant's current location is impairing his ability to meet with his counsel to his satisfaction, a remedy could be for the Defendant to request a transfer to another facility—a solution that the Defendant outright rejects. Regardless, the Defendant has provided this Court with no legitimate basis that warrants reopening the detention hearing pursuant to 18 U.S.C. § 3142(f)(2)(B). Therefore, this Court should deny Defendant's Motion without a hearing and continue to detain Defendant pending trial.

    Respectfully submitted,

    JACK SMITH
    Acting United States Attorney for the
    Middle District of Tennessee


    BY: s/ Sara Beth Myers
    Sara Beth Myers
    Philip H. Wehby
    Assistant United States Attorneys
    110th Avenue South, A96l
    Nashville, Tennessee 37203
    Phone: 615-401-6594