UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:17-00092 |
| v. ) | |
| ) | JUDGE TRAUGER |
| TAD E. CUMMINS ) | |

**UNITED STATES' MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through Donald Q. Cochran, United States Attorney, and the undersigned Assistant United States Attorneys, submits this memorandum to aid the Court in its sentencing decision. The defendant is subject to a United States Sentencing Guidelines range of 292 to 365 months. For the reasons below, the government respectfully requests that this Court sentence the defendant to a total term of imprisonment of 360 months of incarceration as well as a term of supervised release, restitution, and fines commensurate with the severity of his criminal behavior.

**I.     FACTUAL BASIS**

Tad Cummins ("the defendant") was a teacher at Culleoka Unit School when he first met the victim—his fifteen-year old student. Aware of the victim's unique vulnerability and history of abuse and neglect, the defendant, then fifty-years old, began a prolonged and calculated process of grooming her. The defendant gave her gifts, including a bracelet and a Bible, and took her to church with his family. He had private conversations with her about extremely personal subjects and complimented her often. He gained her trust.

Cummins began engaging in oral sex with the victim in his classroom closet around January of 2017. He also visited the victim at her place of after-school employment, where he engaged in oral sex with the victim in his vehicle. The defendant frequently told the victim how

sexy she was and that he could not wait to have sexual intercourse with her. On February 6, 2017, following another student's report of seeing Cummins kiss the victim in his classroom, Cummins was suspended from his teaching position. During his suspension, Cummins began making preparations for leaving Tennessee with the victim, including taking out a $4,500 loan to cover travel expenses and filling his prescription for Cialis, a drug commonly used to treat erectile dysfunction and prolong sexual performance. Cummins also conducted internet searches for the type of bed that would fit into the back of a Nissan Rogue (his wife's vehicle) and child marriage laws. He packed two handguns, clothing for a variety of weather conditions, and lied to his wife about needing to borrow her Nissan Rogue for a job interview on March 13, 2017.

On March 13, 2017, the defendant picked up the victim at a prearranged location—the local Shoney's. He left a note for his wife in their home, in which he apologized for leaving, explaining that he was heading east to Washington D.C. or Virginia—the opposite direction that he planned to travel with the victim. Cummins then left the state with the victim, disabling the GPS on the vehicle and causing both of their phones to be thrown into a river—all to avoid detection by law enforcement. Cummins had sexual intercourse with the victim the very first night of their disappearance and continuously after that.

Besides disabling the vehicle's GPS and destroying their cell phones, Cummins went to other extreme measures to evade law enforcement, including altering his and the victim's appearances, using false aliases, and representing to others that he was married to the victim. These measures resulted in a nationwide diversion of resources at the local, state, and federal levels. Over the span of 38 days, Cummins took the victim through at least nine states and ultimately settled into hiding in California following a failed attempt to kayak to Mexico.

2

On April 20, 2017, as the result of a tip to law enforcement, Cummins was arrested in Cecilville, California and the victim was recovered. He admitted both to law enforcement and to his wife that he repeatedly engaged in sexual intercourse with the victim. On April 5, 2018, Cummins pled guilty to transporting a minor across state lines for the purpose of criminal sexual activity and obstruction of justice.

## II. SENTENCING FACTORS

The sentencing factors outlined in 18 U.S.C. § 3553(a) weigh in favor of the United States' sentencing recommendation. In determining the appropriate sentence, the Court must consider, *inter alia*, the nature and circumstances of the offense, the history and characteristics of the defendant, the need to promote respect for the law, the need to deter the defendant from committing new crimes, the need to deter others from committing crime, the need to protect the public from further crimes of the defendant, the need to provide the defendant with correctional treatment, and the overriding need to provide a just punishment in this case.

### A. Nature and Circumstances of the Offense

The seriousness of the defendant's conduct cannot be overstated. The defendant carefully groomed the victim over several months, gaining her trust by abusing his position of authority as her teacher and as her would-be religious role model. Knowing that she had suffered traumatic experiences throughout her childhood, he preyed upon her particular vulnerability—holding himself out to her as a man who could be trusted, a self-professed father figure.

After he got caught kissing the victim in his classroom and was suspended from his teaching position, Cummins meticulously planned his disappearance with the victim over a period of several weeks. He also researched and took measures to ensure that law enforcement would never find them. Indeed, over the entire 38-day period of his flight across the country with the

3

victim, Cummins never made any indication that he would turn himself in to authorities or return the victim to her family, even after he saw media reports of his own family pleading for his return.

Cummins engaged in a pattern of illegal sexual activity with the victim even before he left Tennessee. During the entire period of his disappearance with the victim, Cummins continually had sexual intercourse with the victim without any intention of stopping his criminal behavior. In fact, he did everything in his power to ensure that he could continue to have sexual intercourse with the victim as he moved her from state to state, including using his prescription for erectile dysfunction medication and purchasing KY Jelly to facilitate intercourse.

In order to accomplish this prolonged scheme to evade authorities and continue his sexual exploitation of the victim, Cummins lied to the victim, his wife and family, and people that he encountered throughout his 38-day disappearance. At the time he was apprehended, over 2,000 miles away from his and the victim's home, the defendant had no plans to stop hiding and no plans to stop sexually exploiting his victim. His unrelenting, blatant illegal behavior merits serious consequences.

### B. History and Characteristics of the Defendant

Although the defendant does not have any prior criminal history, his disappearance with the victim and repeated sexual exploitation of her reveal a prolonged pattern of illegal activity that would have continued had he not been apprehended. The defendant's illegal behavior was neither spontaneous nor anomalous. Conversely, the defendant's carefully planned scheme to leave the state with the victim and evade law enforcement in order to continue his sexual exploitation of her demonstrates his complete awareness of and disregard for the profound illegality of his behavior. Despite his own recognition of his illegal behavior, he continued his illegal activities regardless of how they affected anyone other than himself.

4

The defendant is an educated public school teacher who was active in his community, particularly his church, and he used his position and community prominence to gain the trust and respect of the victim. Notably, there are no mitigating circumstances that can account for the defendant's blatant abuse of his position of authority and trust. He was motivated solely by his own personal desires without any regard for the victim, his family, or the law.

### C. Need to Promote Respect for the Law

The defendant's complete disregard for the law, as exhibited by his illegal sexual behavior with the victim even prior to his decision to take her out of the state to exploit her further, is apparent in every act of preparation and every effort he took to conceal their whereabouts over the 38-day period. The defendant chose to break the law repeatedly and never looked back, sparking a nationwide search. Instead, he did what he wanted despite his knowledge that his behavior was illegal, all at the expense of the young, impressionable victim, causing great trauma for both her and her family.

### D. Need to Deter the Defendant from Committing New Crimes and to Deter Others from Committing Crime

The defendant's sentence should serve as a stark deterrent, particularly to people who hold positions of trust and who have access to and a responsibility to protect children. The recommended sentence would prevent the defendant from committing similar offenses in the future in addition to serving as a warning to anyone considering breaking the law in a similar manner.

### E. Need to Protect the Public from Further Crimes of the Defendant, Provide Defendant with Correctional Treatment, and Provide a Just Punishment in This Case

The defendant's sentence should also protect the general public, particularly teenage females, given his demonstrated pattern of behavior, which includes grooming at least one other

female student, as addressed in the Presentence Report. The government's recommended sentence would provide the defendant with correctional treatment and serve as a just punishment for his crimes. Indeed, the recommended sentence would ensure that he would not be able to hurt anyone in a similar manner again. The defendant's crimes have inflicted serious harm to the victim and her family, as well as his own family, and the community. The defendant's sentence should reflect the gravity of his offenses.

### III. CONCLUSION

Given the totality of the circumstances in the defendant's case, a sentence of 360 months of incarceration as well appropriate restitution, a term of supervised release, and fines that address the severity of his conduct, would constitute a just punishment in this case. The government also requests that the Court impose any other conditions that it deems appropriate to satisfy the factors set forth in 18 U.S.C. 3553(a).

Respectfully submitted,

DONALD Q. COCHRAN
United States Attorney

s/**Sara Beth Myers**
Sara Beth Myers
Philip H. Wehby
Assistant United States Attorneys
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
Telephone: (615) 736-5151

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing will be served electronically to counsel for defendant, via email, on this, the 14th day of January, 2019: Dumaka Shabazz (Office of the Federal Public Defender, 810 Broadway, Suite 200, Nashville, TN 37203) and Ron Munkeboe (munkeboeatty@aol.com).

                                      s/**Sara Beth Myers**
                                      Sara Beth Myers
                                      Assistant United States Attorney