UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Case No. 3:17-CR-00092 |
| v. | ) JUDGE TRAUGER |
| | ) |
| TAD ERIC CUMMINS | ) |

SUPPLEMENTAL MOTION FOR COMPASSIONATE RELEASE

On July 15, 2020, Tad Cummins filed a pro se motion seeking compassionate release. (D.E. 127, Pro Se Motion.) On July 16, 2020 this office was appointed to represent him and now files the instant supplemental motion. (D.E. 128, Order.) Mr. Cummins suffers from high blood pressure and is at an increased risk of harm from Covid-19.

Mr. Cummins respectfully moves this Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i), which allows such a reduction based on "extraordinary and compelling reasons." Since he is at high risk of severe harm from Covid-19, he asks that this Court to reduce his sentence by ordering his immediate release, followed by a period in home confinement.

I. Statutory framework for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i)

The compassionate release statute grants sentencing courts authority to reduce an otherwise final term of imprisonment for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). The statute provides:

(1) in any case--

>   (A) **the court**, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, **may reduce the term of imprisonment** (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), **after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--**
>
>   (i) **extraordinary and compelling reasons warrant such a reduction**; . . .
>
>   *****
>
>   **and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission**.

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

The commentary to the Sentencing Commission policy statement identifies some reasons that typically amount to "extraordinary and compelling reasons for a sentence reduction," including:

>   (A) Medical Condition of the Defendant.—
>   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). . . .
>   (ii) The defendant is—
>   (I) suffering from a serious physical or medical condition,
>   (II) suffering from a serious functional or cognitive impairment,
>   or
>   (III) experiencing deteriorating physical or mental health because of the aging process
>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, comment. n.1(A). In addition, the commentary advises that "Other Reasons" can also suffice in Note 1(D).

Thus, the statutory requirements for sentence reduction are that the court: (1) find extraordinary and compelling reasons for the reduction; (2) consider the relevant sentencing factors under 18 U.S.C. § 3553(a); and (3) ensure any reduction is consistent with applicable policy statements. 18 U.S.C. § 3582(c)(1)(A).

## II. Statement of facts

### A. Background

In 2015, Mr. Cummins transported a minor in interstate commerce, with the intent to engage in illegal sexual activity. (Presentence Report ("PSR") at ¶ 2-3.) He was sentenced to 240 months. (D.E. 119, Judgment.)

### B. Medical condition

Mr. Cummins suffers from high blood pressure, which puts him at high risk for suffering severe consequences from Covid-19. According to the Center for Disease Control (CDC), people who have high blood pressure can be especially vulnerable to and at higher risk for serious complications from Covid-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html. As researchers learn more about Covid-19, high blood pressure is increasingly seen as a dangerous complicating factor. *See, e.g.,* Erika Edwards, *In sickest COVID-19 patients, underlying conditions are common, large study finds: High blood pressure, obesity and pre-diabetes are risk factors for severe cases*, NBC News (April 22, 2020), https://www.nbcnews.com/health/health-news/sickest-covid-19-patients-underlying-conditions-are-common-large-study-n1189906. Recent research indicates Covid-19 may target blood vessels:

3

> If COVID-19 targets blood vessels, that could also help explain why patients with pre-existing damage to those vessels, for example from diabetes and high blood pressure, face higher risk of serious disease. Recent Centers for Disease Control and Prevention (CDC) data on hospitalized patients in 14 U.S. states found that about one-third had chronic lung disease—but nearly as many had pre-diabetes, and fully half had pre-existing high blood pressure.

Meredith Wadman, *How does coronavirus kill? Clinicians trace a ferocious rampage through the body, from brain to toes*, Science (April 17, 2020), https://www.sciencemag.org/news/2020/04/how-does-coronavirus-kill-clinicians-trace-ferocious-rampage-through-body-brain-toes. Mr. Cummins's health issues puts him at extremely high risk for complications or death from Covid-19.

### C. Conditions in the prison where he is confined

Mr. Cummins is housed at Talladega FCI. BOP currently reports ten positive inmates and six positive staff members. This number reports only the known cases within the prison; it is likely the actual numbers are much higher. *See Wilson v. Williams*, No. 4:20-CV-00794, 2020 WL 1940882, at *2 (N.D. Ohio Apr. 22, 2020) (noting that at FCI Elkton, one of the hardest-hit facilities, "it is unlikely that [the BOP's] figures represent the actual number of cases at the institution, given the paltry number of tests the federal government has made available for the testing of Elkton's inmates"); *United States v. Amarrah*, No. 17-20464, 2020 WL 2220008, at *6 (E.D. Mich. May 7, 2020) ("Zero *confirmed* COVID-19 cases is not the same thing as zero COVID-19 cases.") (emphasis in original).[1]

---

[1] *See also* Walter Pavlo, *Forbes,* "Bureau of Prisons Underreporting COVID-19 Outbreaks in Prison" (April 1, 2020), available at https://www.forbes.com/sites/walterpavlo/2020/04/01/bureau-of-prisons-

However it is not necessary to wait until Talladega is overrun to protect Mr. Cummins. Courts have recognized the importance of removing at-risk inmates from the BOP population, even where there are *no* confirmed Covid-19 cases yet. *See United States v. Atkinson*, No. 2:19-CR-55 JCM (CWH), 2020 WL 1904585, \*\*2-4 (D. Nev. Apr. 17, 2020) (granting compassionate release to defendant, notwithstanding that FCP Atwater where he was housed had seen no cases of COVID-19, recognizing how the realities of prison life make it impossible for medically vulnerable inmates to follow CDC guidelines to protect themselves in the face of COVID-19); *see also United States v. Amarrah*, 2020 WL 2220008 (E.D. Mich. May 7, 2020) (releasing a medically vulnerable inmate from FCI Loretto, despite no reported COVID-19 cases at the facility, because he could not adequately protect himself in line with CDC guidelines); *see also United States v. Washington*, Case No. 2:07-cr-258, Dkt. No. 529 (E.D. Pa. May 14, 2020) (granting compassionate release in the absence of COVID-19); *United States v. Ben-Yhwh*, No. CR 15-00830 LEK, 2020 WL 1874125 (D. Haw. Apr. 13, 2020) (granting compassionate release in the absence of COVID-19); *United States v. Asaro*, No. 17-CR-127 (ARR), 2020 WL 1899221 (E.D.N.Y. April 17, 2020) (granting compassionate release in the absence of COVID-19, stating: "absent more information about how much testing the BOP is conducting, it is possible that undetected cases are present in the facility").

---

underreporting-outbreaks-in-prison/#8094d887ba32; The Marshall Project, *Federal Prison Agency "Put Staff in Harm's Way" of Coronavirus* (Apr. 3, 2020), available at https://www.themarshallproject.org/2020/04/03/federal-prisons-agency-put-staff-in-harm-s-way-of-coronavirus.

It is impossible to comply with the CDC's safety regulations while incarcerated in a facility like Talladega. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/what-you-can-do.html (recommending that individuals stay home, wash hands often, engage in social distancing, and keep away from people that are sick). Social distancing is difficult if not impossible in a prison setting, [2] and this is especially true in a low-security facility such as Montgomery FPC. Mr. Cummins's presence there puts him at danger.

### D. Efforts to gain relief from the Bureau of Prisons

Mr. Cummins requested Compassionate Release on May 21, 2020 and has not received a response. (D.E. 127, Pro Se Motion, at PageID# 894-95.) He has exhausted his administrative remedies and this Court may act now.

## III. Argument

### A. Mr. Cummins suffers from a serious physical or medical condition that amounts to an extraordinary and compelling reason to reduce his sentence.

---

[2] "Correctional and detention facilities can include custody, housing, education, recreation, healthcare, food service, and workplace components in a single physical setting. The integration of these components presents unique challenges for control of COVID-19 transmission among incarcerated/detained persons, staff and visitors." Center for Disease Control and Prevention, *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities* (Mar. 23, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf; *see also A prison doctor's stark warning on coronavirus, jails and prisons*, L.A. Times (Mar. 20, 2020), *available at* https://www.latimes.com/california/story/2020-03-20/prison-doctors-stark-warning-on-coronavirus-and-incarceration ("Prisons are petri dishes for contagious respiratory illnesses.").

A district court can reduce a final sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Under the old policy statement, "extraordinary and compelling reasons" to reduce a sentence include a defendant who is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I). Mr. Cummins's condition meets this standard because his hypertension renders him unable to care for himself or protect himself from Covid-19 while in the custody of the BOP.

Even before the Covid-19 pandemic, Mr. Cummins was "suffering from [] serious physical or medical condition[s]" from which he will not recover, and those conditions "substantially diminish[]" his ability to provide self-care in his prison. U.S.S.G. § 1B1.13, appl. n. 1(A)(ii). Mr. Cummins still suffers from these serious medical conditions, namely high blood pressure. This puts him at higher risk for serious complications from Covid-19. Further, Mr. Cummins cannot provide self-care and protect himself from Covid-19 while in custody. That is especially true in light of the conditions there, making social distancing impossible and the spread of the virus likely.

With his serious medical conditions and the danger posed by Covid-19, Mr. Cummins cannot care for himself safely in his prison environment. Courts have

found that the risk of Covid-19, combined with an individual's high-risk health factors, satisfy the language of Application Note 1(A). *See, e.g., United States v. Compagna*, 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020) ("Defendant's compromised immune system, taken in concert with the COVID-19 public health crisis, constitutes an extraordinary and compelling reason to modify [] Defendant's sentence on the grounds that he is suffering from a serious medical condition that substantially diminishes his ability to provide self-care within the environment of the RCC") (citing U.S.S.G. § 1B1.13, Application Note 1(A)); *United States v. Amarrah*, No. 17-20464, 2020 WL 2220008, at *5 (E.D. Mich. May 7, 2020) ("many courts have found that, for high risk individuals, communal prison confinement conditions satisfy the definition of 'extraordinary and compelling reason for release' because they make it impossible for vulnerable individuals to 'protect [them]selves from the spread of a dangerous and highly contagious virus'"); *United States v. Muniz,* 2020 U.S. Dist. LEXIS 59255, *3-4 (S.D. Tex. Mar. 30, 2020).

This court should immediately reduce Mr. Cummins's sentence on the grounds that he is suffering from a serious medical condition that has substantially diminishes his ability to provide self-care within his prison environment.

### B. Under § 3553(a), the Court should release Mr. Cummins and possibly require him to serve a period in home confinement.

Where, as here, extraordinary and compelling reasons are established, the Court must consider the relevant sentencing factors in § 3553(a) to determine whether a sentence reduction is warranted. 18 U.S.C. § 3582(c)(1)(A)(i).

8
Case 3:17-cr-00092 Document 130 Filed 08/19/20 Page 8 of 10 PageID #: 909

If released, Mr. Cummins can reside with his sister Daphne Quinn in Columbia, TN. Counsel is providing information regarding Ms. Quinn to the U.S. Probation Office. Mr. Cummins was sentenced as a first time offender with zero criminal history points. (PSR at ¶ 50.) The Section 3553(a) factors weigh in favor of his release.

In sum, Mr. Cummins respectfully requests that the Court reduce his sentence to time served, possibly to be followed by a period of home detention. *United States v. Perez,* 2020 WL 1546422, *2 (S.D.N.Y. Apr. 1, 2020) ("The benefits of keeping him in prison for the remainder of his sentence are minimal, and the potential consequences of doing so are extraordinarily grave."); *Rodriguez,* 2020 U.S. Dist. LEXIS 58718 at *26 (following similar logic). Such a sentence would reflect the seriousness of his offense, would adequately serve the need for deterrence, and it would likewise serve the purposes of further promoting his rehabilitation.

## IV. Conclusion

Mr. Cummins respectfully asks that the Court reduce his custodial sentence to time served and to order him to serve a period of his supervision in home confinement. He also asks that the Court order the government to respond to this motion in an expedited manner and to provide a full copy of his BOP medical records.

Respectfully submitted,

s/ *Dumaka Shabazz*
DUMAKA SHABAZZ
Assistant Federal Public Defender
MOLLY ROSE GREEN
Research and Writing Attorney
810 Broadway, Suite 200
Nashville, Tennessee 37203
615-736-5047

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2020, I electronically filed this Supplemental Motion for Compassionate Release with the U.S. District Court Clerk by using the CM/ECF system, which will send a Notice of Electronic Filing to Sara Beth Myers, Assistant United States Attorney, Office of the U.S. Attorney, 110 Ninth Avenue North, Suite A961, Nashville, Tennessee, 37203.

s/ *Dumaka Shabazz*
DUMAKA SHABAZZ