# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>TAD ERIC CUMMINS, )<br>) | Criminal No. 3:17-cr-00092<br>Judge Trauger |

## ORDER

On July 15, 2020, the defendant filed, *pro se*, a request for compassionate release (Doc. No. 127). The court appointed counsel and, on August 19, 2020, counsel filed a Supplemental Motion for Compassionate Release (Doc. No. 130), to which the government responded in opposition (Doc. No. 132), the defendant filed a Reply (Doc. No. 139), and the government filed a Sur-Reply (Doc. No. 145). The defendant requests compassionate release under 18 U.S.C. § 3582(c)(1)(a) on the grounds that he suffers from hypertension and obesity and is at increased risk, should he contract the COVID-19 virus. He is housed at Talladega FCI, where some inmates and staff have contracted the virus, but there have been no deaths. The defendant has exhausted his administrative remedies.

The defendant was sentenced on January 16, 2019 and has served approximately 16% of a 240-month sentence imposed for transporting a minor with the intent to engage in criminal sexual activities and obstruction of evidence in a federal investigation. His guideline range was 292-365 months; the court granted a variance and sentenced him to 240 months of imprisonment. The defendant, a teacher, began a sexual relationship with a 15-year-old student and, after he was suspended upon discovery of the relationship, absconded with the minor victim. For 38 days

they were on the run, traveling west through at least nine states, during which time they " had sex every day". The defendant disabled the GPS system in the car they were driving and threw their cell phones in a river in order to avoid detection. The victim has written a statement, in response to this motion, stating her continuing fear if he is released into the community. (Doc. No. 132-4).

The defendant is 54 years old and, according to the medical records produced, has "elevated" blood pressure, according to the American Heart Association categories. Hypertension or high blood pressure is a condition that the Centers for Disease Control rates as one that "might" put a person at increased risk of severe illness from COVID-19. This is not one of the conditions that definitely places one at increased risk. The defendant takes three medications for his hypertension and is regularly monitored at his institution. It appears that his hypertension is well controlled in the BOP setting. A diagnosis of obesity appears nowhere in the medical records.

The defendant's case for establishing extraordinary and compelling reasons for his immediate release is a weak one. Moreover, given the egregious conduct of the defendant and its impact upon the victim and her family, his release from custody after serving such a small portion of his significant sentence would subvert the sentencing factors that this court must consider. His release would result in an insignificant sentence that would not reflect the seriousness of his offense, promote respect for the law, be a just punishment, or protect the public from further crimes of this defendant. Moreover, it would create unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. For all these reasons, the defendant's motion is DENIED.

IT IS SO ORDERED.

ALETA A. TRAUGER
U.S. DISTRICT JUDGE